**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |  |
|---|---|---|
| CAUSE OF ACTION INSTITUTE | ) | |
| 1875 Eye Street, NW, Suite 800 | ) | |
| Washington, DC 20006, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-2373 |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE | ) | |
| 950 Pennsylvania Avenue, NW | ) | |
| Washington, DC 20530 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

## COMPLAINT

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, seeking access to records relating to communications between Defendant United

States Department of Justice ("DOJ") and members of Congress.  The records were

requested by Plaintiff Cause of Action Institute ("CoA Institute") and improperly withheld

by DOJ.

2.      This action also seeks judicial review of a DOJ policy and practice—embodied

in a DOJ guidance document and applied to CoA Institute in this case and the past—that

(1) incorrectly defines a "record" under the FOIA, and (2) improperly permits DOJ, and

other agencies that rely on the guidance, to segment a single record into multiple records to

avoid disclosure of information.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (actions arising

under the laws of the United States), 5 U.S.C. § 552(a)(4)(B) (FOIA), and 28 U.S.C.

§§ 2201–02 (Declaratory Judgment Act).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

5.      CoA Institute is a 501(c)(3) nonpartisan government oversight organization that uses investigative, legal, and communications tools to educate the public about how government accountability, transparency, and the rule of law protect individual liberty and economic opportunity.  It regularly uses the FOIA to request access to records of federal agencies and disseminates its findings, analysis, and commentary to the public.

6.      DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).  It has possession, custody, and control of records to which CoA Institute seeks access and that are the subject of this Complaint.  It published, maintains, and relies upon the guidance document that also is the subject of this Complaint.

## FACTS

### I.      FOIA Request OLA/14-1096

7.      By letter, dated December 24, 2013, CoA Institute sent a FOIA request to the DOJ Office of Information Policy ("OIP") seeking all documents related to Executive Order 13,457 and all documents reflecting communications between various officials related to the agency's decisions to obligate or expend funds.  Ex. 1.

8.      On February 3, 2014, OIP acknowledged receipt of the request and assigned it multiple tracking numbers, including OLA/14-1096.  Ex. 2.

9.      Over the past few years, OIP has made several productions of documents responsive to various parts of the request from various DOJ components.

10.      Relevant to this Complaint, on January 30, 2018, on behalf of the Office of Legislative Affairs, OIP sent a final determination letter on the portion of the request that it had designated as OLA/14-1096.  Ex. 3.

11.    The letter summarized that in April 2016 CoA Institute and OIP agreed that the scope of the request covered "communications between a [DOJ] political appointee and Members of Congress, their staff, or employees of the White House relating to grants of the Office of Justice Programs, Office on Violence Against Women, and Community Oriented Policing Services" and "records relating to Executive Order 13457." *Id*. at 1.

12.    The letter stated that OIP and the Office of Legislative Affairs had "located 143 pages that contain records that are responsive to [the] request." *Id*.

13.    Although OIP claimed that it released thirty-two of those pages "without excisions," eleven pages bore redactions labeled "Non-Responsive Record" and OIP excised a significant amount of information from those pages. *Id*.

14.    OIP also withheld at least seventy-one pages in full pursuant to Exemption 5, referred thirty-nine pages to other DOJ components for those components to directly release to CoA Institute, and redacted information pursuant to Exemption 6. *Id*. at 1–2.

15.    Although OIP referred to the volume of the release in terms of the number of pages rather than the number of records, an examination of the materials produced reveals that OIP released a total of four records:

    a.    **Record 1:** An email, dated May 16, 2011, from Rita Aguilar to Faith Burton, *et al.*, discussing Senate Appropriations questions for the record.  Ex. 3 at 3–7.  OIP did not withhold any information within this record and, as such, there was no adverse determination on this record and it is not implicated in this case.

    b.    **Record 2:** A letter, dated January 4, 2011, from then-Assistant Attorney General Ronald Weich to then-Chairman of the U.S. House Committee on the Judiciary John Conyers.  Ex. 3 at 8–21.  The letter referenced and included an attachment: a single, multi-page document containing responses to questions for the record arising from an appearance of then-Attorney General Eric Holder before the

committee on May 13, 2010.  The full length and content of the attachment is unknown because OIP withheld numerous pages without explanation, even though the document was consecutively paginated and the questions for the record, and their responses, were consecutively numbered.  OIP withheld significant information within this document by applying redactions labeled "Non-Responsive Record."

      c.      **Record 3:** A letter, dated September 14, 2010, from then-Assistant Attorney General Ronald Weich to then-Chairman of the U.S. Senate Committee on the Judiciary Patrick Leahy.  Ex. 3 at 22–28.  Like the previous record, this letter referenced and attached a single, multi-page document that contained responses to questions for the record arising from an appearance of then-Director of the Office of Violence Against Women Susan Carbon before the Senate Judiciary Committee on May 5, 2010.  The attachment appears to be six pages in length and none of the consecutively paginated pages appear to have been withheld.  But OIP did withhold information within this document with redactions labeled "Non-Responsive Record."

      d.      **Record 4:** A letter, dated April 21, 2010, from then-Chairman of the U.S. Senate Committee on the Judiciary Patrick Leahy to then-Attorney General Eric Holder.  Ex. 3 at 29–35.  The letter referenced and attached questions for the records submitted by committee members.  These attachments include a consecutively paginated four-page document comprising a set of questions for the record from Senator Tom Coburn, and a two-page document, without page numbers, comprising a set of questions for the record from Senator Russell Feingold.  It does not appear that OIP withheld any pages from either of the two attachments, but it did withhold information within them by applying redactions labeled "Non-Responsive Record."

16.     By letter, dated February 1, 2018, CoA Institute filed an administrative

appeal with OIP contesting its withholding of information in Records 2, 3, and 4.  Ex. 4.  In

that appeal, CoA Institute argued that Records 2, 3, and 4 each constitute a single record

and that OIP improperly segmented those single records into multiple smaller records in an

improper attempt to withhold information within a responsive record.  *Id.*

17.     By letter, dated March 15, 2018, OIP denied CoA Institute's appeal.  Ex. 5.

## II.     DOJ's Guidance on the Definition of a Record under the FOIA

18.     On or about January 12, 2017, DOJ-OIP issued a guidance document titled

"Defining a 'Record' Under the FOIA."  Ex. 6.[1]

19.     The guidance document makes no attempt to harmonize its definition of a

record with the FOIA's statutory definition.  Instead, it advises DOJ components, as well as

other agencies that rely on the guidance,[2] to apply the Privacy Act's definition of a record.

*Id.* at 2 ("Agencies can use the definition of record found in the Privacy Act to guide their

decisions as to what is a record for purposes of the FOIA.").

20.     The guidance claims that "[t]he nature of a FOIA 'record' is defined by both

the content of a document *and* the subject of the request" (emphasis in original), and that a

---

[1] OIP updated the guidance document on or about February 15, 2017.  CoA Institute did not observe any substantive difference between the January 12 and February 15 versions, and presents the February 15 version, which currently appears on OIP's website, for the Court's review.  *See* Dep't of Justice, Office of Info. Pol'y, Guidance, Defining a "Record" Under the FOIA (updated Feb. 15, 2017), *available at* http://bit.ly/2jGG6YN (attached as Exhibit 6).

[2] OIP describes itself as "responsible for developing government-wide policy guidance on all aspects of FOIA administration" and "provid[ing] legal counsel and training to agency personnel."  Dep't of Justice, Office of Info. Pol'y, About the Office, updated Feb. 15, 2017, https://www.justice.gov/oip/about-office; *see* 28 C.F.R. § 0.24 (describing OIP's responsibilities; identifying that "the functions vested in the Attorney General under 5 U.S.C. § 552(e)" have been delegated to OIP; and assigning the director of OIP the responsibility for "[d]eveloping, coordinating, and implementing policy with regard to the [FOIA], including publishing guidance and other material related to FOIA matters").

"document can reasonably be broken into discrete units" to create multiple records in response to a FOIA request. *Id*. at 2–3.

21.     On information and belief, DOJ applied this guidance document in the instant case to the records responsive to FOIA request OLA/14-1096.  It applied the guidance to improperly segment those responsive records and to improperly withhold as "non-responsive" information within those responsive records.

## III.   DOJ's Policy and Practice of Improper Withholdings and CoA Institute's Risk of Exposure to Future Mistreatment

22.     DOJ has made multiple productions to CoA Institute in response to past FOIA requests and has previously withheld information using redactions labeled "non-responsive."

23.     In 2016, the U.S. Court of Appeals for the District of Columbia Circuit held agencies may not withhold information within responsive records using a redaction labeled "non-responsive."  *See Am. Immigration Lawyers Ass'n v. Exec. Office for Immigration Review*, 830 F.3d 667, 677 (D.C. Cir. 2016) [hereinafter *AILA*] ("The [FOIA] statute does not provide for . . . redacting nonexempt information within responsive records.").

24.     Coincidentally, two weeks before the *AILA* decision and in effort to counteract DOJ's practice of withholding information using redactions labeled "non-responsive," CoA Institute sent a FOIA request to DOJ's Tax Division ("DOJ-Tax") seeking the full release of two records DOJ-Tax had previously released to CoA Institute but with improper "non-responsive" redactions.  Ex. 7.

25.     During the administrative processing of that request, CoA Institute brought the *AILA* decision to DOJ-Tax's attention in the hope that the agency would abandon its policy and practice of withholding information as "non-responsive" and comply with the decision.  Ex. 8.

26.     But DOJ-Tax did not abandon its practice of improperly using redactions labeled "non-responsive" and instead segmented one of the records CoA Institute requested into multiple smaller records and then withheld those "records" as "non-responsive."  Ex. 9.

27.     CoA Institute sued DOJ for this improper withholding.  *See* Compl., *Cause of Action Inst. v. Dep't of Justice*, No. 16-2226 (D.D.C. filed Nov. 8, 2016).  During litigation, the agency abandoned the position it took at the administrative level and re-produced the record at issue with the offending redactions removed and with information withheld only pursuant to FOIA's statutory exemptions.

28.     CoA Institute moved to supplement its complaint with a policy-or-practice claim and to introduce the DOJ guidance document discussed above as evidence of the agency's ongoing unlawful policy.  The district court denied CoA Institute's motion and dismissed the case as moot without reviewing the propriety of DOJ's guidance.  *See Cause of Action Inst. v. Dep't of Justice*, 282 F. Supp. 3d 66 (D.D.C. 2017).

29.     In yet another example of DOJ applying its policy or practice, by letter, dated September 27, 2018, DOJ provided a final determination and records responsive to FOIA request DOJ-2017-2843.  Ex. 10.

30.     One of those records was an email chain between DOJ staffer Sarah Isgur Flores and a CNN producer named Jose Lesh.  DOJ withheld a portion of that email chain with a redaction bearing the label "Non-responsive Record."  *Id*. at 3.

31.     CoA Institute currently has numerous additional FOIA requests pending at DOJ at various stages of the administrative process (*i.e.*, waiting to be processed, searches being conducted, records being processed for responsiveness and exemptions, rolling productions, administrative appeals, *etc.*) or that are the subject of ongoing litigation.

32.     Based on DOJ's past treatment of CoA Institute's FOIA requests and its current written policy, these numerous additional requests reasonably can be expected to

result in responsive records that will be exposed to improper segmentation and withholding as "non-responsive" pursuant to DOJ's guidance document.

33.     Based on the foregoing, CoA Institute is entitled to relief in the form of (1) the re-production of Records 2, 3, and 4 without the redaction of information labeled "non-responsive record"; (2) a declaratory order stating that DOJ's guidance document and practice of segmenting a single record into multiple records to withhold information within responsive records violates the FOIA; and (3) an injunction directing the DOJ to withdraw its guidance document and to cease its unlawful practice.

## COUNT 1

### Violation of FOIA: Improper Withholding of Responsive Records

34.     CoA Institute repeats all the above paragraphs.

35.     FOIA request OLA/14-1096 reasonably describes the records sought and was made in accordance with DOJ published rules and procedures.  5 U.S.C. § 552(a)(3)(A).

36.     The FOIA requires agencies to provide access to records responsive to a FOIA request, subject to nine exclusive statutory exemptions.  *Id*. § 552(a)(3), (b)(1)–(9); *see Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011) ("These exemptions are explicitly made exclusive and must be narrowly construed.") (citations and quotation marks omitted).

37.     Agencies may not use "non-responsive" as a tenth exemption to withhold information in an otherwise-responsive record because FOIA "does not provide for . . . redacting nonexempt information within responsive records."  *AILA*, 830 F.3d at 677.

38.     Instead, the FOIA "compels disclosure of the responsive record—*i.e.*, as a unit—except insofar as the agency may redact information falling within a statutory exemption. . . .   FOIA calls for disclosure of a responsive record, not disclosure of responsive information within a record."  *Id*.

39.     Records 2, 3, and 4, as described above and produced in response to FOIA request OLA/14-1096, each constitute a single record.

40.     As produced to CoA Institute on January 30, 2018, OIP improperly segmented each of Records 2, 3, and 4 into what it claims are multiple smaller "records" and improperly withheld information by applying a redaction labeled "Non-Responsive Record" to certain portions of Records 2, 3, and 4.

41.     OIP also improperly withheld, in their entirety, dozens of pages from Record 2, presumably on the theory that those pages are distinct records from the larger document and do not contain responsive information.

42.     By acknowledging that a portion of each of Records 2, 3, and 4 contain information responsive to FOIA request OLA/14-1096, OIP was obligated to produce the entirety of each record "as a unit" subject only to FOIA's nine statutory exemptions.  *AILA*, 830 F.3d at 677.

43.     The designation "Non-Responsive Record" is not a proper FOIA exemption and cannot be used to redact information within a responsive record.

44.     OIP improperly withheld information to which CoA Institute is entitled under the FOIA when it produced Records 2, 3, and 4 on January 30, 2018.

## COUNT 2

### Violation of FOIA: Policy and Practice of Segmenting One Record into Multiple Records to Avoid Disclosure

45.     CoA Institute repeats all the above paragraphs.

46.     DOJ maintains a policy, described in its guidance document titled "Defining a 'Record' Under the FOIA," that violates the FOIA, has unlawfully prevented CoA Institute from accessing information to which it is entitled pursuant to FOIA request OLA/14-1096, and is likely to impair CoA Institute's lawful access to information in the future.

47.     The FOIA defines a record as "any information that would be an agency record subject to the requirements of this section when maintained by an agency in any format, including an electronic format[.]"  5 U.S.C. § 552(f)(2)(A).

48.     By contrast, DOJ's guidance document improperly instructs agencies to look to the Privacy Act's definition of a record and urges that "each 'item, collection, or grouping of information' on the topic of the request can be considered a distinct 'record.'"  Ex. 6 at 2.

49.     On information and belief, DOJ interprets and applies the definition in its guidance to segment one record, as that record is maintained in the agency files before the submission of a FOIA request, into multiple records while processing the same FOIA request so that DOJ can avoid disclosure of what it considers non-responsive information within that record.

50.     DOJ applied its policy and practice of segmenting a single record into multiple records to avoid disclosing information it considers non-responsive to the email chain it produced to CoA Institute on September 20, 2016, albeit before it finalized and published its policy in guidance-document form.  *Supra* ¶ 26, Ex. 9.

51.     DOJ applied the same policy and practice to the email chain record that it produced in response to request DOJ-2017-2843.  *Supra* ¶ 29, Ex. 10.

52.     DOJ applied the same policy and practice to Records 2, 3, and 4 that it produced to CoA Institute on January 30, 2018 and that are the subject of this Complaint. *Supra* ¶ 15, Ex. 3.

53.     CoA Institute currently has numerous additional FOIA requests with DOJ that are at risk of receiving the same improper treatment in the future.

54.     DOJ's guidance, including its definition of a record, and DOJ's practice of segmenting single records into multiple records to withhold information within responsive

records violates the FOIA and likely will impair CoA Institute's lawful access to records in

the future.  *See Payne Enters., Inc. v. United States*, 837 F.2d 486 (D.C. Cir. 1988).

**RELIEF REQUESTED**

WHEREFORE, CoA Institute respectfully requests and prays that this Court:

a.   Order Defendant to re-produce the entirety of Records 2, 3, and 4, subject only to appropriate FOIA exemptions, within twenty (20) business days of the date of the Order;

b.   Declare that Defendant's guidance document titled "Defining a 'Record' under the FOIA" contains a definition of a FOIA record and a procedure for responding to FOIA requests that conflicts with the FOIA;

c.   Order Defendant to withdraw its guidance document titled "Defining a 'Record' under the FOIA";

d.   Enjoin Defendant from applying its unlawful definition of a record and its practice of segmenting single records into multiple records to withhold information within responsive records to any future FOIA requests;

e.   Award CoA Institute its costs and reasonable attorney fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

f.   Grant such other relief as the Court may deem just and proper.


//




//


11

Date: October 15, 2018

Respectfully submitted,
*/s/ R. James Valvo, III*
R. James Valvo, III (D.C. Bar. No. 1017390)
Ryan P. Mulvey (D.C. Bar No. 1024362)
Lee A. Steven (D.C. Bar No. 468543)

CAUSE OF ACTION INSTITUTE
1875 Eye St., NW, Suite 800
Washington, DC 20006
Telephone: (202) 499-4232
Facsimile: (202) 330-5842
james.valvo@causeofaction.org
ryan.mulvey@causeofaction.org
lee.steven@causeofaction.org

*Counsel for Plaintiff CoA Institute*